IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HESTER MILLER,**

**Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT
OF VETERANS' ARMY MEDICAL
CENTERS,**

**Defendant.**                                    **No. 07-CV-125-DRH**

**ORDER**

**HERNDON, District Judge:**

On February 15, 2007, Hester Miller filed a *pro se* complaint against the United States Department of Veterans' Army Medical Centers ("Defendant"). (Doc. 1.) Miller alleges medical malpractice on the part of the United States Department of Veterans' Army Medical Centers medical personnel who have treated Miller over the past fifty years. Now before the Court is Miller's motion for leave to proceed *in forma pauperis* (Doc. 2) and a motion for service of process at government expense (Doc. 4). Because the Court finds that Miller has failed to state a claim, the Court denies both the motion for leave to proceed *in forma pauperis* (Doc. 2) and the motion for service of process at government expense (Doc. 4).

For many years, federal district courts granted such motions for leave to proceed *in forma pauperis* if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. The Prison Litigation Reform Act

("PLRA"), significantly changed the district court's responsibilities in reviewing *pro se* complaints and *in forma pauperis* motions. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Miller's motion to proceed *in forma pauperis* fails to survive the Court's § 1915(e)(2) review. Specifically, the Court finds that Miller's complaint fails to state a claim upon which relief can be granted. Miller's complaint consists of what appears to be correspondence sent by Miller to the Defendant. Miller's only statement directly to this Court is: "Amount requested is $20,000,000.00 if additional information please contact me. . . Please accept my case after fifty years of pain and suffering. I think something should be done for me." The letters Miller submitted suggest, however, that Miller might actually be seeking review of the Veteran Administrations' decision regarding the extent of Miller's disability.

While the Court is willing to show some leniency towards parties who proceed *pro se*, it may not allow a complaint to proceed if the complaint fails to state

a claim upon which relief may be granted.  If in fact Miller is pursuing a medical malpractice claim under the Federal Tort Claims Act ("FTCA"), **28 U.S.C. § 1346(b)**, suits brought under the FTCA are governed by the law of the place where the act or omission occurred.  As an initial observation, it is likely that Miller's claims, even if properly pled, would be barred by the applicable state statutes of limitation.  Miller's medical malpractice claims  dates  back to 1968.  Furthermore, Miller provides no medical records or affidavits from medical professionals to substantiate his claims, which may be required to bring a medical malpractice claim under the law of certain states.

Therefore, the Court **DENIES** Miller's motion for leave to proceed *in forma pauperis* (Doc. 2) and his motion for service of process at government expense (Doc. 4).    Plaintiff's complaint is **DISMISSED without prejudice with leave to amend.**  The Court grants Plaintiff 30 days from the date of this order to amend his complaint to include a more definite statement of his claims.  If Plaintiff wishes to proceed, he should provide the Court with a clear statement of his claims, including relevant dates and locations.  Plaintiff should utilize his local library or the internet to research the law regarding medical malpractice claims in the applicable state where the alleged acts occurred to ensure that his claims are not barred by that state's statute of limitations for medical malpractice claims.  In addition, Plaintiff must comply with all of the filing requirements prescribed by the relevant states' law (i.e., an affidavit from a medical professional).  On the other hand, if Plaintiff is

seeking review of a final decision regarding his benefits from the Veterans' Administration, he needs to inform the Court of this and provide the Court with all relevant documentation regarding the Veteran Administrations' final decision. If Plaintiff does not file an amended complaint within 30 days, the Court will close this matter.

**IT IS SO ORDERED.**

Signed this 1st day of May, 2007.

/s/       David   RHerndon<br>**United States District Judge**